EDWARD F. MERREY, PLAINTIFF IN ERROR, v. GUARDIAN PRINTING AND PUBLISHING COMPANY AND CLAR-ENCE H. BAXTER, DEFENDANTS IN ERROR.

Argued March 14, 1911—Decided June 19, 1911.

In an action of libel, the publication was admitted; the alleged libel related to "city officials;" the plaintiff was city counsel and by innuendo averred that he was one of the officials meant; there was evidence from which the jury might infer that only members of the board of aldermen were meant. *Held*, that it was error to direct a verdict for the plaintiff.

---

On error to the Supreme Court, whose opinion is reported in 50 *Vroom* 177.

For the plaintiff in error, *William B. Gourley.*

For the defendants in error, *John W. Harding* and *Michael Dunn.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff recovered judgment in an action for libel, which was reversed by the Supreme Court. Their judgment is now before us for review. We find it necessary to consider only one of the assignments of error and express no opinion upon the other points involved in the case.

The learned trial judge, at the request of the plaintiff, charged the jury: "As no justification can be made under the

pleas filed in this case of that part of the published article of May 9th, 1908, which the defendants admit publishing in relation to the plaintiff's official position being used to protect law-breakers, the plaintiff is entitled to a verdict." The point of this request appears from an early part of the charge where the court said that the defendants failed in the pleas to justify the truth of a portion of the alleged libel. Since the request and the charge that followed related only to the published article of May 9th, which is fully set forth in the opinion of the Supreme Court, we need not consider the later article. An examination of the pleadings shows that all of the essential portion of the article of May 9th was justified by the plea except the following: "While the taint of anarchy was a blight upon this city, it does not begin to equal in evil results the knowledge that our city officials, the men sworn to uphold the law, are the very ones to use the power of office to protect law-breakers and make it impossible, by evasion and legal quibble, to punish open violation of the law. That hurts Paterson most, far more than anarchy, because it cannot be truthfully contradicted." We say all the essential portion since the only other words not covered by the plea of justification are the italicized words of the following sentence: "The recent action of the board of aldermen and city counsel had brought forth caustic comment *that does this city incalculable harm—because it is true."* It is quite clear that the words "that does this city incalculable harm" are a mere characterization of the "comment," and to justify the words "because it is true" would be idle. In fact, the court did not refer to this portion of the alleged libel, but to the charge that city officials used the power of office to protect law-breakers. The request to charge used this exact language, and the only part of the article as set forth in the declaration to which it can refer is that first quoted above, because the declaration fails to set forth the language of the caustic comment thus characterized as true. This consisted of extracts from other newpapers, which for some reason the pleader omitted from the declaration, although he inserted innuendoes which these extracts when produced tended to establish. The declaration averred by innuendo that the

present plaintiff was among those meant by the words "city officials." There was evidence to sustain this innuendo, but it was open to the jury to infer that the only conduct condemned was that of the board of aldermen in dismissing certain charges against licensed saloon-keepers. No doubt the jury might infer as the innuendo charged, that the alleged libel was directed also against the city counsel as one of the city officials, but this was not a necessary inference, and the judge should have submitted to the jury the question whether the words not justified referred to the plaintiff. We agree with the Supreme Court that his failure to do this was injurious error, and therefore affirm the judgment of the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ.   9.

*For reversal*—THE CHANCELLOR, TRENCHARD, J.   2.